## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT FLORIDA

|  |  |  |
|---|---|---|
| **ANNETTE MISTRETTA CAVE** | ) | CASE NO:_____ |
| **Defendant/Counter Plaintiff** | ) | |
| | ) | |
| | ) | [formerly 17th Judicial Circuit Court |
| | ) | in and for Broward County, Florida |
| vs. | ) | **(criminal division)** |
| | ) | case no: 18000174CF10A |
| **STATE OF FLORIDA** | ) | |
| **Plaintiff/Counter Defendant** | ) | |
| _____/ | ) | **EXHIBIT 1** |

FILED BY ___ D.C.
AUG 02 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

### SECOND NOTICE OF REMOVAL

Defendant, Annette Mistretta Cave, hereby removes Case No: 18000174CF10A, from the 17th Judicial Circuit Court (Criminal Division) in and for Broward County, Florida to the United States District Court for the Southern District of Florida, pursuant to Title 28 U.S.C. § 1443 and as grounds for the removal states as follows:

## JURISDICTION

**1. This** court has Statutory Jurisdiction. A criminal prosecution maybe statutory removed pursuant to title 28 U.S.C. § 1443.

## THE PARTIES

**2. Plaintiff/ Counter Defendant, Annette Mistretta Cave,** pro se is a resident of Broward County, Florida with a mailing address of 123 N.E. 29th, street, Wilton Manors, Florida, 33334. Annette Mistretta Cave was born in 1959, and is almost 60 years of age, and an unmarried female whose former spouse is deceased. **[hereinafter referred to as Cave]**

**3. Defendant/ Counter Plaintiff,** the HONORABLE MICHAEL J. SATZ, in his Official Capacity as State Attorney, in the 17th Judicial Circuit in and for Broward County and as representative of the STATE OF FLORIDA, with an official address of 201 SE 6th street, STE. 8130, Fort Lauderdale, Florida 33301. **[hereinafter referred to as State].**

**4. Pursuant to Title 28 U.S.C. §1443 (1964 ed.)**

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

**5.** Congress specifically enacted Civil Rights Removal to provide an escape route for a Defendant trapped in an unfair and oppressive legislatively created environment unconstitutionally applied and administered as a matter of local custom, practice, and policy, in State Courts.

**6.** Cave has been trapped in an unfair and oppressive legislatively created environment and the charges are unconstitutional as applied to Cave.

The 17th judicial circuit has prejudiced Cave and the State is aiding and abetting other third parties operating under the same judicial tree. Specifically, the criminal division is being administered unconstitutionally to cover up the theft and fraud of third parties by the numerous false arrests and malicious prosecution in the 17th judicial circuit. See local prejudice. **See 31 Fed (U.S.) 53.**

**6.** Cave alleges that the State is not trying to get a valid conviction for any alleged crime committed. The State is abusing his power in order to get Cave to enter into a contract disguised as a plea, to validate the theft and fraudulent acts of other third parties.

**7.** The charges against Cave are for an illegitimate purpose and unconstitutional as applied and Cave has been discriminated against. Discriminatory intent, whether it's indicative of underlying goals or not, is itself delegitimizing.

**8.** The State actions has caused injury to Cave on many levels and Cave is entitled to the equal protection of the law as defined in the 14th amendment, to protect the rights of every person within its jurisdiction whenever the same shall be abridged or denied by the unconstitutional acts of any state. The State's actions

against Cave are unconstitutional. Our civil liberties are based on the Bill of Rights, the first ten amendments. Civil rights are also protected by the fourteenth amendment which protect violation of rights and liberties by the state governments. The State is well aware that Cave was falsely arrested by a process server in the original misdemeanor case and due process of law was denied in the related civil case no: 15-020223. The State is aware that Cave's human rights have been violated and that Cave was stranded on the street in 38 degree weather and went back to her home to get her purse, phones and keys. Florida has laws on civil rights, racial discrimination and basic fundamental human rights and with total wanton and willful disregard for any laws, the State has already maliciously prosecuted Cave in the original case without jurisdiction, biased a jury by showing known fabricated evidence and is continuing to prosecute Cave in this felony case, that is being removed.

9. Cave states that racial discrimination is more than the color of someones skin. Racial discrimination undermines a persons humanity. Racism is a violation of human rights, as stated in the International Convention on the Elimination of Racial Discrimination (CERD) ratified by the U.S. government in 1994. Article 2 of this international human rights treaty requires that governments "prohibit and

bring to an end, by all appropriate means..., racial discrimination by any [private] person, group or organization."

The private person violating Cave's human rights is Michael J. Satz, who is operating under the organization of the 17th judicial circuit in Broward County, Florida.

**10.** Michael J. Satz, in his official capacity has exceeded his statutory powers delegated to him as the State Prosecutor for the 17th judicial district in Broward County, Florida. Michael J. Satz is a public officer and in violation of the Florida constitution in Article II SECTION 8.  **Ethics in government.**—A public office is a public trust. The people shall have the right to secure and sustain that trust against abuse.

**11.** Cave is a human being and has the right to be secure against abuse. Cave has the right to be secure in her home or her brother's home and those rights have been taken away. The State is aware that all of Cave's personal property was stolen or destroyed four days before a hearing in the 17th judicial circuit, duly noted in the case records. The State is aware that Cave's business keys were withheld and Cave was unable to file any report to the State without filing a police report first, which was denied and the equal protection of the law was denied. Cave has the right to be secure to walk into the courthouse to redress her grievances or attend a hearing

without fear of being arrested. That right has been violated and cruel and unusual punishment has been inflicted against Cave, by being held without bond twice. Cave has been unable to enforce any of her rights in the 17th judicial circuit. The racial inequality here is in the color of law and certain people operating under it in the 17th judicial circuit versus the color of Cave's skin. Cave is considered a white woman with olive complexion, approaching the age of 60 years. Cave is a Minister in the State of Florida. Cave's views and knowledge of law was limited in the beginning of these cases to biblical, universal and divine laws, and some of her pleadings early on reflected that. Civil rights, guarantees of equal social opportunities and equal protection under the law, regardless of race, religion, or other personal characteristics. Cave has been racially discriminated by the privileged and powerful people operating under the color of law, who have used and abused and violated the law, because they are protected by or immune to the law.

**(Within the above paragraphs, Cave meets the first prong of the *Rachel* test).**

**12.** The Supreme Court of the United States held in *Greenwood v. Peacock* that " Under 1443(1), the vindication of the defendant's federal rights is left to the state courts except in rare situations where it can be clearly predicted by reason of the

operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court *Georgia v. Rachel,* ante; *Strauder v. West Virginia,* 100 U.S. 303." 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16L.Ed.2d944,957 (1966)

**13.** Cave states with clarity, that by the State's past and current actions it can be clearly predicted that Cave's rights will be denied by the very act of bringing Cave to trial which violates state and federal law, because it places Cave in jeopardy.

**14.** Cave states this with first hand knowledge, because she has already been to trial in the state court in the related misdemeanor case no: 18000121MM10A, and in addition, the State with total disregard for the truth, used known fabricated evidence, which was partially achieved by an unlawful search and seize in violation of the 4th amendment and the other part by creations from alleged trusted third parties. The court already denied Cave's motion to suppress in the original case, even though Cave stated on the record that the State wanted to use the same video in the felony case instead of any real footage.

**15.** Therefore, **Cave meets the second prong of the *Rachel* test**, "removal is available where the state court defendant's federal civil rights would 'inevitably be denied by the very act' of being brought to trial in state court" *Davis,* 107 F.3d at 1050 (quoting *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 828 (1966). If Cave were brought to trial in the state court, she would be placed in jeopardy violating the 5th amendment of the United States Constitution.

The 5th amendment states : No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

**16.     18 U.S. Code § 242. Deprivation of rights under color of law**

This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

17. Cave's prosecution directly stems from criminal civil rights violations, which occurred on January 3rd & 4th 2018. Cave is an olive skinned woman at the age of 58 years old on the days, the criminal civil rights violations took place. Cave was the victim and threats and force was used by three men, one a process server with the aid of two locksmiths to remove Cave from her home, without warrant, summons or a writ that beared Cave's name, on a case still open. The process server tried to coerce Cave into going to court without a summons or warrant by threatening jail, then forcefully removed her to her neighbors cultridge. The process server drove Cave into custody after an alleged City of Wilton Manors unidentified female officer changed the handcuffs and read Cave her miranda rights. Cave was released around 4am in 38 degree weather and was stranded on the street and went back to her home to get her purse, phones and keys and wanted her vehicle in order to go to the courthouse to stop further felonious acts against her. The City of Wilton Manors chased her out, and would not let her have her purse or phones or vehicle, without a warrant, summons or writ. Cave called 911 multiple times, than the City of Wilton Manors threatened to arrest Cave if she called 911 again and one of the officers told her to do what she had to do and then arrested her for taking her purse and phones and keys. Cave's vehicle was in the garage which was padlocked shut. The Officers knew Cave was stranded on the

street and watched Cave being unlawfully locked out the day prior and failed to intervene. These acts were done for the sole purpose of aiding and abetting other third parties, (unsecured lien creditors) to steal Cave's property. There was legitimate title dispute and instead of following the law. Third parties took the law into their own hands and used other parties operating under the color of law to deprive Cave from her home, then her business keys, then on January 18th, 2018, the City of Wilton Manors guarded Cave's personal property while it was all being stolen or destroyed. Cave was the rightful owner and the secured party creditor in lawful possession of her home. There is an email on file and the alleged inactive trustee did not take the action and also claimed not have title to the property. Then on June 13th, 2018, when Cave was unlawfully arrested again and left without bond for 37 days, the alleged trustee sold the subject property.

The 4th amendment states: **<u>The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.</u>**

It marks the right of privacy as one of the unique values of our civilization and, with few exceptions, stays the hands of the police unless they have a search

warrant issued by a magistrate on probable cause supported by oath or affirmation. And the law provides as a sanction against the flouting of this constitutional safeguard the suppression of evidence secured as a result of the violation, when it is tendered in a federal court. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177.

**18.** If the State or Federal court is to remand me back to the criminal jurisdiction of the corrupted 17th judicial circuit, because I am white woman or for any other reason, please know that this black ink on this white page, is all that's been left other than a white box of gray ashes with fragmented bits of bones of my son. Any further remand, in essence would be taking not only my freedom and liberties but my spirit and soul. The State should of dropped these charges long ago, because that is what an honorable man would of done. There are no valid charges. Any further remand will be appealed.

## **CONCLUSION**

By Notice of this Removal, does not constitute a waiver of any rights or any other defenses. The Defendant expressly reserves all rights and remedies available by law and in equity.

## **VERIFICATION**

Under the penalties of perjury, I declare that I have read the foregoing, and the facts alleged therein, are true and correct to the best of my knowledge and belief.

*Annette Cave*

Respectfully submitted,               *Annette Cave 8/2/19*
                                       by: Annette Cave, pro se
                                       Mail address: 123 NE 29th Street
                                       Wilton Manors, Florida, 33305
                                       (954) 551-1166

## CERTIFICATE OF SERVICE

I, Annette Cave, hereby certify that a true and correct copy of the foregoing has been hand delivered in the above styled case on this 2nd day of August 2019, to the following:

Michael J. Satz, State Attorney
201 SE 6th street Ste 8130
Fort Lauderdale, Florida


*Annette Cave 8/2/19*

**PREPARED BY: Annette Cave, pro se**

Mail Address: c/o Mistretta Residence
123 NE 29th Street, Wilton Manors, FL 33334
(954) 551-1166
Designated email: divinewillpublishing@gmail.com